UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| GALE E. TENEFF, | ) |
| Plaintiff, | ) No. CV-08-0249-CI ) |
| v. | ) ORDER DENYING PLAINTIFF'S ) MOTION FOR SUMMARY JUDGMENT |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | ) AND GRANTING DEFENDANT'S ) MOTION FOR SUMMARY JUDGMENT ) |
| Defendant. | ) ) |

BEFORE THE COURT are cross-Motions for Summary Judgment. (Ct. Rec. 14, 19.) Attorney Maureen J. Rosette represents Gale Teneff (Plaintiff); Special Assistant United States Attorney Thomas M. Elsberry represents the Commissioner of Social Security (Defendant). The parties have consented to proceed before a magistrate judge. (Ct. Rec. 5.) After reviewing the administrative record and briefs filed by the parties, the court **DENIES** Plaintiff's Motion for Summary Judgment, and directs entry of judgment for Defendant.

**JURISDICTION**

Plaintiff filed for disability insurance benefits (DIB) on April 29, 2003. (Tr. 75-77.) She alleged disability due to a broken neck and vision problems (Tr. 90, 106), with an onset date of February 1, 1991. (Tr. 75.) Her claim was denied initially and on

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 1

reconsideration. Plaintiff requested a hearing before an administrative law judge (ALJ), which was held on December 6, 2005, before ALJ Mary Bennet Reed. (Tr. 357-422.) ALJ Reed issued an unfavorable decision on May 8, 2006. (Tr. 17-27.) After the Appeals Council denied review, Plaintiff appealed the ALJ's decision to the United States District Court for the Eastern District of Washington. On May 27, 2007, federal Magistrate Judge Michael Leavitt ordered the case remanded to the Commissioner for additional proceedings. (Tr. 451-62.) A second hearing was held on February 7, 2008, before ALJ R.J. Payne. (Tr. 507-529.) Plaintiff, who was represented by counsel, and medical experts Robert Karsh, M.D., and Scott Mabee, Ph.D., testified. ALJ Payne denied benefits on March 11, 2008, and the Appeals Council denied review. (Tr. 436-46, 423-26.) The instant matter is before this court pursuant to 42 U.S.C. § 405(g).

**STATEMENT OF THE CASE**

The facts of the case are set forth in detail in the transcript of proceedings and are briefly summarized here. At the time of the hearing, Plaintiff was 51 years old with a high-school education, three years of college, and vocational training as a surgical technician. (Tr. 96.) Plaintiff has past work experience as a surgical technician. (Tr. 91.) Plaintiff's date of last insured for DIB purposes is June 30, 1995. (Tr. 436.) She was 36 at the time of her alleged onset date, and 40 years old at the time she last met the insured status requirements for DIB. (Tr. 18.) At the second hearing, Plaintiff reported she quit her job due to marital stress and problems seeing. (Tr. 526.) She stated she had always had bad

vision. (*Id.*)

**ADMINISTRATIVE DECISION**

The ALJ found Plaintiff's date of last insured for DIB purposes was June 30, 1995. (Tr. 436.) At step one, ALJ Payne found Plaintiff had not engaged in substantial gainful activity from the alleged onset date through the date of last insured. (Tr. 438.) At step two, he found Plaintiff had severe impairments of "degenerative disk disease of the cervical regions of the spine and osteoarthritis of the hands." (*Id.*) He found the following conditions, diagnosed during the period at issue, did not pose more than minimal limitations on her ability to perform basic work activities: temporomandibular joint syndrome; myopia; spastic bowel secondary to reported abdominal pain; depression and post traumatic stress disorder (PTSD). (Tr. 439-40.) The ALJ determined at step three the impairments, alone and in combination, did not meet or medically equal one of the listed impairments in 20 C.F.R., Appendix 1, Subpart P, Regulations No. 4 (Listings).[1] (Tr. 440.) The ALJ found Plaintiff's statements regarding her symptoms and limitations were "not credible to the extent that they are inconsistent with the residual functional capacity" assessed. (Tr. 440-41.) At step four, he determined Plaintiff could perform the full range of medium work through her date of last insured. She would have been able to perform work that involved lifting or carrying no more than 25 pounds frequently and 50 pounds occasionally. (Tr. 440.) The ALJ concluded Plaintiff could perform her past relevant work as a

---

[1] At the hearing, Plaintiff's representative stipulated no Listings had been met or equaled. (Tr. 528-529.)

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 3

surgical technician, which is classified as "light work"; therefore, she was not under a disability as defined by the Social Security Act from her alleged date of onset until her date of last insured. (Tr. 446.)

## STANDARD OF REVIEW

In *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001), the court set out the standard of review:

> A district court's order upholding the Commissioner's denial of benefits is reviewed *de novo*. *Harman v. Apfel*, 211 F.3d 1172, 1174 (9th Cir. 2000). The decision of the Commissioner may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id.* at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one rational interpretation, the court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Morgan v. Commissioner of Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999).
>
> The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed *de novo*, although deference is owed to a reasonable construction of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000).

## SEQUENTIAL PROCESS

Also in *Edlund*, 253 F.3d at 1156-1157, the court set out the requirements necessary to establish disability:

> Under the Social Security Act, individuals who are "under a disability" are eligible to receive benefits. 42 U.S.C. § 423(a)(1)(D). A "disability" is defined as "any medically determinable physical or mental impairment" which prevents one from engaging "in any substantial gainful activity" and is expected to result in death or last "for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). Such an impairment must result

from "anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3). The Act also provides that a claimant will be eligible for benefits only if his impairments "are of such severity that he is not only unable to do his previous work but cannot, considering his age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . . ." 42 U.S.C. § 423(d)(2)(A). Thus, the definition of disability consists of both medical and vocational components.

In evaluating whether a claimant suffers from a disability, an ALJ must apply a five-step sequential inquiry addressing both components of the definition, until a question is answered affirmatively or negatively in such a way that an ultimate determination can be made. 20 C.F.R. §§ 404.1520(a)-(f), 416.920(a)-(f). "The claimant bears the burden of proving that [s]he is disabled." *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). This requires the presentation of "complete and detailed objective medical reports of h[is] condition from licensed medical professionals." *Id*. (citing 20 C.F.R. §§ 404.1512(a)-(b), 404.1513(d)).

It is the role of the trier of fact, not this court, to resolve conflicts in evidence. *Richardson,* 402 U.S. at 400. If evidence supports more than one rational interpretation, the court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988). If there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or non-disability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987).

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 5

**ISSUES**

The question is whether the ALJ's decision on remand is supported by substantial evidence and free of legal error. Plaintiff argues the ALJ erred when he: (1) found she had no severe mental impairments; (2) rejected the opinions of her treating physicians; and (3) relied on medical expert testimony. (Ct. Rec. 15 at 14-17.)

**DISCUSSION**

**A.   Step Two - Severe Mental Impairment**

Plaintiff argues the ALJ erred in his step two findings because he failed to give legally sufficient reasons for rejecting the medical opinions of her treating doctors, Kenneth DeSeve, Ph.D., and Robert Baxley, M.D.  Plaintiff contends she has submitted adequate medical evidence, relevant to the period between February 1991 and June 30, 1995, to support a finding of severe mental impairments. (Ct. Rec. 15 at 12-17.)  Defendant responds the ALJ gave specific and legitimate reasons for rejecting the doctors' opinions that Plaintiff suffered severe mental impairments between 1991 and 1995. (Ct. Rec. 20 at 9.)

After summarizing the medical evidence, ALJ found Dr. DeSeve's one-page summary opinion dated September 14, 2005, and based on his treatment of Plaintiff from August 14, 1997, until May 19, 1998, was not supported by treatment notes from 1997-98, objective psychological testing or evaluations. (Tr. 444.)  He reasoned Dr. DeSeve's opinions were based solely on Plaintiff's self report of her symptoms in August 1997, that she was "withdrawn from friends and family and unable to maintain even superficial involvements with

others." As found by the ALJ, Dr. DeSeve admitted his opinions were not based on any formal examination, and no supporting records were submitted in support of his opinion.[2] (Tr. 234, 341, 444.) (*Id.*)

Regarding Dr. Baxley's opinions rendered in October 2005, the ALJ noted Dr. Baxley treated Plaintiff from September 28, 2004, until March 14, 2005. (Tr. 235, 445.) He found Dr. Baxley's Mental Medical Source Statement check-box responses were not supported by his clinical examination, or treatment notes, or by Plaintiff's activities of daily living during the claimed period of disability or when he was treating her. (Tr. 445.) It is noted that neither Dr. DeSeve nor Dr. Baxley had a treating relationship with Plaintiff during her period of insured status. (Tr. 234-36.)

At step two of the sequential evaluation, the ALJ determines whether a claimant suffers from a "severe" impairment, *i.e.,* one that significantly limits her physical or mental ability to do basic work activities. 20 C.F.R. § 404.1520(c). To satisfy step two's requirement of a severe impairment, the claimant must prove the existence of a physical or mental impairment by providing medical evidence consisting of signs, symptoms, and laboratory findings; the claimant's own statement of symptoms alone will not suffice. 20 C.F.R. § 404.1508. The fact that a medically determinable condition exists does not automatically mean the symptoms are "severe," or

---

[2] Acknowledging the Commissioner's duty to develop the record in disability proceedings, attempts were made by the Commissioner to obtain additional records from Drs. DeSeve, Baxley and Edward Treyve, M.D., in December 2005. (Tr. 344-45.)

"disabling" as defined by the Social Security regulations. *See, e.g., Edlund*, 253 F.3d at 1159-60; *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989; *Key v. Heckler*, 754 F.2d 1545, 1549-50 (9th Cir. 1985).

The Commissioner has passed regulations which guide dismissal of claims at step two. Those regulations state an impairment may be found to be not severe when "medical evidence establishes only a slight abnormality or a combination of slight abnormalities which would have no more than a minimal effect on an individual's ability to work." *SSR* 85-28 at *3.[3] "The severity requirement cannot be satisfied when medical evidence shows that the person has the ability to perform basic work activities, as required in most jobs." *Id*. Basic work activities include: "walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling; seeing, hearing, speaking; understanding, carrying out and remembering simple instructions; responding appropriately to supervision, coworkers, and usual work situation." *Id*. A mental impairment generally is considered non-severe for purposes of step two if the degree of limitation in the three functional areas of activities of daily living, social functioning, and concentration, persistence or pace is rated as "none" or "mild" and there have been no episodes of decompensation. 20 C.F.R. § 404.1520a(d)(1).

As explained in the Commissioner's policy ruling, "medical evidence alone is evaluated in order to assess the effects of the

---

[3] The Supreme Court upheld the validity of the Commissioner's severity regulation, as clarified in *SSR* 85-28, in *Bowen v. Yuckert*, 482 U.S. 137, 153-154 (1987).

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 8

impairments on ability to do basic work activities." *SSR* 85-28. Nonetheless, "credibility determinations do bear on evaluation of medical evidence when an ALJ is presented with conflicting medical opinions or inconsistency between a claimant's subjective complaints and [her] diagnosed conditions." *Webb v. Barnhart*, 433 F.3d 683, 688 (9th Cir. 2005). Where, as here, clinical records and objective medical evidence are inconsistent with afflictions claimed, Plaintiff's credibility is considered at step two.[4] *Id*.

In determining whether a claimant has a severe impairment, the ALJ evaluates the medical evidence submitted and must explain the weight given to the opinions of accepted medical sources in the record. Agency regulations distinguish among the opinions of three types of accepted medical sources: (1) sources who have treated the

---

[4] The ALJ made extensive credibility findings, supported by the record, and concluded Plaintiff's statements were not credible. (Tr. 441-42.) For example, the record supports the ALJ's "clear and convincing" findings that Plaintiff's ability to take care of her aging parents and manage a horse farm, as well as her minimal treatment during insured period, indicate she was able to perform medium work and return to her past relevant work as a surgical technician. In addition, the objective medical evidence from the relevant period show no reports of persisting pain or limitations or treatment of conditions other than acute problems resulting from spousal abuse. (Tr. 135-40, 162-64, 369-70, 371-72, 442.) The ALJ gave "clear and convincing" reasons for discounting Plaintiff's symptom allegations. *See Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002).

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 9

claimant; (2) sources who have examined the claimant; and (3) sources who have neither examined nor treated the claimant, but express their opinion based upon a review of the claimant's medical records. 20 C.F.R. § 404.1527. A treating physician's opinion carries more weight than an examining physician's, and an examining physician's opinion carries more weight than a non-examining reviewing or consulting physician's opinion. *Benecke v. Barnhart*, 379 F.3d 587, 592 (9th Cir. 2004); *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995), The Commissioner must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of a treating or examining physician. *Lester*, 81 F.3d at 830 (citation omitted). If the opinion is contradicted, it can only be rejected for specific and legitimate reasons that are supported by substantial evidence in the record. *Andrews v. Shalala,* 53 F.3d 1035, 1043 (9th Cir. 1995).

Historically, the courts have recognized the following as specific, legitimate reasons for disregarding a treating or examining physician's opinion: conflicting medical evidence; the absence of regular medical treatment during the alleged period of disability; the lack of medical support for doctors' reports based substantially on a claimant's subjective complaints of pain; medical opinions that are brief, conclusory, and inadequately supported by medical evidence. *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005); *Flaten v. Secretary of Health and Human Servs.*, 44 F.3d 1453, 1463-64 (9th Cir. 1995); *Fair*, 885 F.2d at 604.

Here, the ALJ's reasons for rejecting Dr. DeSeve's opinions are specific and legitimate. A review of the record shows that Dr.

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 10

DeSeve's 1998 report is unsupported by clinical psychological testing results or contemporaneous treatment notes. (Tr. 162-64.) His diagnoses of PTSD and adult adjustment disorder with anxiety and depression were based on Plaintiff's self-report, unspecified medical records, and Dr. DeSeve's observations made three years after the expiration of the insured period at issue. (Tr. 162-64.) Medical opinions based on a claimant's subjective complaints are properly rejected as unreliable where the claimant's credibility has been properly discounted. *Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001). As discussed above, the ALJ gave "clear and convincing" reasons in his decision for discounting Plaintiff's self-report. (Tr. 441-45.)

Regarding Dr. DeSeve's one-page opinion letter dated September 14, 2005, the ALJ specifically noted that Dr. DeSeve acknowledged the lack of formal examination "with respect to disability." (Tr. 444.) Citing symptoms reported by Plaintiff well after the period at issue and the lack of supporting clinical evidence,[5] the ALJ properly rejected Dr. DeSeve's brief opinion that "it would be reasonable to conclude" Plaintiff's capacity to work would be "quite limited." (Tr. 234, 444.) Thus, the unreliable medical evidence presented from Dr. DeSeve, and properly rejected by the ALJ, is insufficient to establish severe mental impairments. 20 C.F.R. § 404.1508; *Bayliss*, 427 F.3d at 1217; *Macri v. Chater*, 93 F.3d 540, 545 (9th Cir. 1996).

Likewise, the ALJ's reasons for rejecting Dr. Baxley's opinions

---

[5] As mentioned above, ALJ Reed's efforts to obtain Dr. DeSeve's records were unsuccessful. (Tr. 345, 376-77.)

1 are legally sufficient and supported by the record.  (Tr. 300-309, 342-43, 445.)  Dr. Baxley treated Plaintiff for six months, from September 2004 to March 2005, in connection with malpractice litigation against Plaintiff's former therapist, with whom she had had a romantic relationship.  (Tr. 300.)  As found by the ALJ, Dr. Baxley's Mental Medical Source Statement check box form reflected marked and severe limitations that are not supported by Dr. Baxley's own treatment notes, psychological testing, or other evidence in the record related to the period at issue.  (Tr. 445.)  Further, Plaintiff's mental state in late 2004 through March 2005, as assessed by Dr. Baxley, does not establish a severe mental impairment from 1991 until June 30, 1995.  The ALJ did not err in his evaluation of the medical evidence presented by Drs. Baxley and DeSeve.  *Flaten*, 44 F.3d at 1463.  Plaintiff has failed to meet her burden at step two to provide the requisite medical evidence to establish a severe mental impairment.  Therefore, the ALJ did not err in his evaluation of Plaintiff's mental impairments at step two.

**B.   Reliance on Medical Expert Testimony**

Plaintiff argues the ALJ improperly relied on medical expert testimony in finding that the evidence did not establish a severe mental impairment in 1991 to June 1995. (Ct. Rec. 15 at 14-15.) However, as discussed above, the ALJ considered other evidence besides Dr. Mabee's testimony and found the medical evidence presented was unreliable for several reasons, including the total lack of contemporaneous objective testing results or treatment notes.

It is the responsibility of the ALJ to resolve conflicts and

ambiguities in the medical evidence. *Richardson,* 402 U.S. at 400. Further, it is well-settled that the ALJ may seek the assistance of a non-examining medical expert in disability adjudication. *Andrews,* 53 F.3d at 1041 *(citing Magallanes v. Bowen,* 881 F.2d 747, 753 (9th Cir. 1989). Testimony of a medical expert may serve as substantial evidence when supported by other evidence in the record. *Id.*

ALJ Payne summarized medical expert testimony in which Dr. Mabee, after a review of the entire record, opined the record contained no information that could establish a clear mental disorder diagnosis during the relevant period at issue. As noted by the ALJ, Dr. Mabee opined that although Plaintiff reported a history of domestic violence, her uncorroborated reports alone could not be a basis for the diagnosis of a mental impairment. (Tr. 440, 517-20.)

Dr. Mabee's testimony is supported by the record in its entirety. According to her testimony, Plaintiff quit her job because her spouse demanded it and due to stress from her marital situation. (Tr. 90, 396.) In 1994, treating physician Dr. Rowbotham reported Plaintiff was being treated conservatively for arthritis pain that was "intermittently controlled," as well as depression symptoms due to marital discord. In July and December of 1994, she told him that she was doing well, except for her marital discord. (Tr. 135-40.) In 1994, Plaintiff was engaged in an active life traveling to Mexico, going to California for cosmetic surgery; and she was raising her young daughter. After 1995, she reported caring for her aging parents and managing a farm with horses that she trained. (Tr. 369-70, 371-72, 442-43.) Further, as found by the

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 13

ALJ, she did not seek treatment of neck pain until 1997; the earliest mental health records begin in 1998. (Tr. 162-64.)

An independent review of the entire record shows that substantial evidence supports Dr. Mabee's opinion that the record does not contain firm data to establish a severe mental impairment between February 1991 and June 30, 1995. (Tr. 517.) Without objective, contemporaneous evidence, no foundation existed for a finding of severe mental limitations. The ALJ did not err in his reliance on Dr. Mabee's opinions at step two.

**C.   RFC Findings**

Plaintiff argues that the ALJ improperly rejected treating physician Kirk Rowbotham, M.D.'s opinion contained in a one paragraph letter dated October 24, 2005. (Ct. Rec. 15 at 17; Tr. 298.) This argument is without merit. In the four sentence letter, Dr. Rowbotham stated that, based on Plaintiff's complaints during time he saw her (April 1994 through December 1996), "it is reasonable to say she would have been able to do only light level work." (Tr. 298.) The ALJ properly disregarded this opinion as, (1) unsupported by Dr. Rowbotham's own treatment notes, which reported mild arthritic symptoms; (2) inconsistent with his examination of Plaintiff during the period at issue; and (3) inconsistent with the frequency and level of treatment ordered. (Tr. 135-40, 444, 445.) Further, the opinion regarding Plaintiff's capacity to work is conclusory, brief and written nine years after Plaintiff's treatment relationship with Dr. Rowbotham ended. (Tr. 445.) These are specific and legitimate reasons to reject Dr. Rowbotham's opinion. *Bayliss*, 427 F.3d at 1217.

1    Even assuming Plaintiff were limited to light duty work during
2 that time, the ALJ's step four finding that she can still perform
3 her past relevant work as a surgical technician remains undisturbed.
4 As noted by the ALJ (Tr. 446), Plaintiff's past relevant work is
5 classified as light level work, consistent with Dr. Rowland's 2005
6 letter, by the *Dictionary of Occupational Titles*.  U.S. Department
7 of Labor, *Dictionary of Occupational Titles*, 079.374-022 (4th ed.
8 1991).  In addition, vocational expert testimony from Plaintiff's
9 prior administrative hearing established her past relevant work as
10 light level.  (Tr. 417.)  Finally, Plaintiff described her work as
11 a surgical technician as requiring minimal carrying/lifting of less
12 than ten pounds, standing 50 percent and walking 50 percent of the
13 time.  (Tr. 91.)  Because the final disability determination would
14 be unchanged if Dr. Rothbothum's exertional level opinion were
15 credited, the RFC error alleged would be harmless.  *Stout v.*
16 *Commissioner, Social Sec. Admin.*, 454 F.3d 1050, 1056 (9th Cir.
17 2006); *Burch v. Barnhart*, 400 F.3d 676, 682 (9th Cir. 2005); *Curry v.*
18 *Sullivan*, 925 F.2d 1127, 1131 (9th Cir. 1990) (where corrected error
19 does not change the outcome, the error is harmless).

## CONCLUSION

21    The ALJ thoroughly detailed the medical evidence in the record
22 and properly evaluated medical source opinions.  His determination
23 that Plaintiff was not disabled during her insured period for
24 purposes of DIB is based on substantial evidence and free of legal
25 error.  Accordingly,

26   **IT IS ORDERED:**

27   1.   Plaintiff's Motion for Summary Judgment **(Ct. Rec. 14)** is

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 15

1  **DENIED;**

2    2.  Defendant's Motion for Summary Judgment **(Ct. Rec. 19)** is
3  **GRANTED;**

4    The District Court Executive is directed to file this Order and
5  provide a copy to counsel for Plaintiff and Defendant. Judgment
6  shall be entered for Defendant, and the file shall be **CLOSED.**

7    DATED August 25, 2009.

8

9                    S/ CYNTHIA IMBROGNO
                UNITED STATES MAGISTRATE JUDGE
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 16